UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SPECTRUM LABORATORIES, LLC,
                    Plaintiff,

v.

URZ TRENDZ, LLC,
                    Defendant.

**Case No. 4:22-CV-03705**

**Hon. Judge Charles Eskridge**

### <u>DEFENDANT'S NOTICE OF APPEAL</u>

Louis F. Teran (Admitted Pro Hac Vice)
Email: lteran@slclg.com
California Bar No. 249494
SLC Law Group
1055 E. Colorado Blvd., Suite 500
Pasadena, CA 91106
Phone:  818-484-3217 x200

NOTICE IS HEREBY GIVEN that Defendant URZ TRENDZ, LLC., hereby appeals to the United States Court of Appeals for the Fifth Circuit from the Order Granting In Part Motion For Sanctions (ECF No. 111) entered in this action on May 3, 2024; Minute Entry and Order (ECF No. 140) entered in this action on December 13, 2024; Order Granting Motion For Sanctions In Part (ECF No. 142) entered in this action on December 17, 2024; Order (ECF No. 167) entered in this action on May 19, 2025; Minute Entry (ECF No. 171) entered in this action on June 18, 2025; and Entry of Default Judgment and Award of Attorney Fees and Costs (ECF No. 176) entered in this action on November 26, 2025.  True and correct copies of these orders and Default Judgment are attached hereto as Exhibits A to F, respectively.

DATED:  December 16, 2025

By:_____

Louis F. Teran (Admitted *Pro Hac Vice*)
Email: lteran@slclg.com
California Bar No. 249494
SLC Law Group
1055 E. Colorado Blvd., Suite 500
Pasadena, CA 91106
Phone:  818-484-3217 x200

ATTORNEY FOR DEFENDANT
URZ TRENDZ, LLC.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 16th day of December 2025, with a copy of this document via the Court's CM/ECF system. Any other counsel of record will be served by, electronic mail, facsimile transmission and/or first-class mail on this same date.

By:_____

Louis F. Teran

# EXHIBIT A

United States District Court
Southern District of Texas

**ENTERED**

May 03, 2024

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SPECTRUM LABORATORIES LLC, Plaintiff, | § § § § § | CIVIL ACTION NO 4:22-cv-03705 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| URZ TRENDZ LLC, *et al*, Defendants. | § § § | |

ORDER GRANTING IN PART MOTION FOR SANCTIONS

Plaintiff Spectrum Laboratories, LLC filed its Motion for Sanctions (the "Motion") [Dkt. 83]. The Court has considered the Motion and responsive papers, and heard from the parties at a February 13, 2024, Motion Hearing [Dkt. 97].

The Court FINDS as follows.

The motion is DENIED to the extent that it requested sanctions for the reasons stated on the record.

The motion is GRANTED to the extent that it requested further specification and enforcement of prior discovery orders.

It is thus DETERMINED that Spectrum Laboratories must pay the cost of an ESI vendor in the first instance. If later production of relevant documents suggests substantial noncompliance to this point by URZ Trendz, Spectrum Laboratories may bring a motion to shift costs.

It is further ORDERED that:

1. URZ must make the following ESI sources available for forensic copying and searching by Spectrum's ESI vendor (and otherwise assist

Spectrum and its ESI vendor in obtaining those copies):

A. Each email account that URZ (including its owners or representatives) uses for any business purpose and that can be fully accessed and copied through a web browser (e.g., Gmail, Yahoo, Microsoft 365, etc.). For these email accounts, URZ must produce the name of the email provider, the username and password, and any other information or assistance needed to access and copy the accounts. With that information, Spectrum's ESI vendor should make a forensic copy of the email accounts through web access and run keyword searches, such as "Spectrum," "Quick Fix," "QF," and "counterfeit."

B. Each email account that URZ (including its owners or representatives) uses for any business purpose and that operate on a private email server or a server hosted by a third-party that cannot be accessed and copied through a web browser.

C. Each hard drive, server, cell phone, laptop computer, desktop computer, tablet, or other electronic device that URZ (including its owners or representatives) uses for any business purpose.

D. Any database or software through which URZ transacts or tracks sales, for example, but not limited to, QuickBooks.

2. URZ must identify every bank account through which it transacts any business, including the name of the bank and account numbers so that Spectrum may issue subpoenas to those banks to trace payments to others responsible for the counterfeiting or through whom URZ has obtained *Quick Fix*.

2

3. URZ must produce all records of purchases and sales of *Quick Fix*, as it was previously ordered to produce, including all receipts (or other proof of sale records) and payment records (including ACH/wire confirmations, cancelled checks, and bank records).

4. URZ must identify each physical location where it conducts business or stores business records/information. URZ must also make those locations available for physical inspection by Spectrum, provide full access to any business records, and provide assistance to Spectrum in locating and examining such records.

Failure by URZ to comply may result in monetary sanctions or a default judgment against it in Spectrum's favor.

SO ORDERED.

Signed on May 3, 2024, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

3

# EXHIBIT B

United States District Court
Southern District of Texas

**ENTERED**

December 17, 2024

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| SPECTRUM | § | CIVIL ACTION NO |
| LABORATORIES, LLC | § | 4:22-cv-3705 |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| URZ TRENDZ, LLC | § | |
| Defendants. | § | |

## MINUTE ENTRY AND ORDER

Minute entry for MOTION HEARING before Judge Charles Eskridge on December 13, 2024. Both parties present and represented by counsel.

The Court addressed the motion by Defendant URZ Trendz, LLC, for disqualification. The motion was DENIED for reasons stated on the record. Dkt 131.

The Court addressed the motion by Defendant for judgment on the pleadings. The motion was GRANTED as to allegations by Plaintiff as to counterfeit under the '421 Trademark Registration. The motion was otherwise DENIED for reasons stated on the record. Dkt 130.

The Court addressed the motion by Plaintiff Spectrum Laboratories, LLC, for sanctions. The motion was TAKEN UNDER ADVISEMENT, in particular with respect to the request for attorney fees and related fee shifting and other sanctions, pending determination of compliance with ESI discovery ordered as further follows.

Plaintiff was ORDERED to provide by December 16, 2024, a specific, draft order for approval and entry to specify exact terms for ESI and other discovery ordered.

Defendant preserved its objections as to the completeness of its prior productions, but agreed to proceed in accordance with orders made on the record by close of business December 20, 2024, to be reflected in the written order noted above.

The parties should continue to confer in good faith regarding discovery and settlement.

SO ORDERED.

Signed on December 13, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

# EXHIBIT C

United States District Court
Southern District of Texas
**ENTERED**
December 17, 2024
Nathan Ochsner, Clerk



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SPECTRUM LABORATORIES, LLC**, an Ohio Limited Liability Company, | § § § § § | CIVIL ACTION NO. **4:22-CV-03705** |
| Plaintiff, | § § § | |
| v. | § § | JUDGE CHARLES ESKRIDGE |
| **URZ TRENDZ, LLC; and DOES #1-10**, | § § § | **JURY DEMAND** |
| Defendants. | § § | |

**ORDER GRANTING MOTION FOR SANCTIONS IN PART**

On this day came for consideration Plaintiff Spectrum Laboratories, LLC's "Motion for Sanctions" against URZ Trendz, LLC (the "Motion") [Dkt. 122]. The Court has considered the Motion, and responsive papers, and heard from the parties at a December 13, 2024, Motion Hearing [Dkt. 129]:

The Court finds as follows.

The Motion is held in abeyance with regard to the following relief requested by Spectrum, subject to further consideration in light of whether URZ complies in full with this Order:

1. costs of Spectrum's ESI vendor incurred to date [Dkt. 122, at 18 ¶ 3];

2. costs of Spectrum's ESI vendor incurred to obtain URZ's compliance with additional ESI discovery ordered by the Court herein [*Id.* at ¶ 4];

1

3. Spectrum's reasonable and necessary attorney's fees [*Id.* at ¶ 5];
4.  striking of URZ's claims and defenses; and
5. default judgment.

The Court **ORDERS** the following, which shall be completed **by December 20, 2024, at the time(s) set forth below**.

1. Emails.
   a. URZ shall make the following email accounts available to Spectrum's ESI vendor for collection as provided in part (b):
      - URZTRENDZ@GMAIL.COM;
      - FLYFRESHSTORE@GMAIL.COM;
      - AFFAN96@ICLOUD.COM;
      - AFFAN96@HOTMAIL.COM;
      - URBANELITESTORE@GMAIL.COM;
      - AFFANGHAFOOR88@GMAIL.COM;
      - AAGTRADINGTX@GMAIL.COM;
      - GHAFOOR.USMAN23@ICLOUD.COM;
      - HTOWNJUNOONI@HOTMAIL.COM;
      - URZWHOLESALEINC@GMAIL.COM;
      - CLOUDCHASERZOK@GMAIL.COM;
      - CLOUDCHASERZ420TEXAS@GMAIL.COM;
      - CANYOUIMAGINEWHOLESALELLC@GMAIL.COM; and
      - URZTRENDZ@ICLOUD.COM.
   b. The email collection shall take place in accordance with the following protocol:
      i. URZ shall provide the passwords, keys, codes, and all other information necessary for access to each account to the ESI vendor.
      ii. URZ shall provide the contact information for the person with care, custody, and control of each email account, and with access to all contemporaneously generated access

information (e.g. two-factor
authentication codes) necessary to
access the accounts. The person(s)
shall be available for contact by, and
shall coordinate with, the ESI
vendor until the completion of this
order. The person(s) identified
pursuant to this paragraph shall
cooperate fully with the ESI vendor
in providing all access information
to the email accounts in a timely
manner.

iii. if, following the completion of
subparts (i–ii), above, the ESI
vendor requires any other access
information, URZ shall provide
same immediately.

iv. The accounts shall be collected
sequentially, in the order identified
by the ESI vendor.

v. URZ shall cooperate with Spectrum
and the ESI vendor as to timing,
such that the last of the 12 email
addresses has been accessed **by
3pm CT on December 20, 2024**.

c. URZ's failure to cooperate with Spectrum
and the ESI vendor to allow full access
**by 3pm CT on December 20, 2024**,
shall be a violation of this order.

d. The ESI vendor must make a forensic
copy of the email accounts through web
access and run keyword searches,
including but not limited to "Spectrum,"
"Quick Fix," "QF," and "counterfeit."

2. Inoperable Systems

    a. URZ shall make the Dell Inspiron 3459 and Dell Optiplex 3010 ("Inoperable Systems") available to the ESI vendor for a period of seven business (7) days, which shall commence when the ESI vendor picks up the systems. Particularly, the ESI vendor shall pick up the Inoperable Systems **by 3pm CT on December 20, 2024**. The ESI vendor shall return the Inoperable Systems within seven (7) business days from the time the Inoperable Systems were picked up. The ESI vendor is responsible for transport of these systems to and from URZ.

    b. URZ's failure to permit the scheduled pickup to occur **by 3pm CT on December 20, 2024,** shall be a violation of this order.

3. Operable Systems

    a. URZ shall make available all other computer systems used in URZ's business operations, including but not limited to computers replacing the Inspiron and Optiplex systems defined in part (2) above ("Operable Systems"), to the ESI vendor for imaging **during the week ending December 20, 2024**. The collection and imaging of the Operable Systems shall take place according to the following:

        i. The ESI vendor and his team will pick up one of the Operable Systems at a time from URZ.

        ii. At pickup, in the presence of the ESI vendor, URZ must power the Operable System on, successfully log in to the system, then power the system off, before transferring

4

possession of the system to the ESI vendor. The ESI vendor may film or otherwise document this process.

   iii. Each pickup shall occur **at 5pm CT, or otherwise at URZ's regular closing time**.

   iv. The ESI vendor will use reasonable efforts to return each new system by the subsequent URZ opening time. URZ agrees to provide the ESI vendor additional time with any computer if the ESI vendor cannot complete acquisition of the computer system by the subsequent URZ opening time.

   v. At return, in the presence of the ESI vendor, URZ will again power on the Operable System, successfully log in to the system, then power the system off, before the ESI vendor transfers possession of the system back to URZ. The ESI vendor may film or otherwise document this process.

   vi. The ESI vendor and URZ shall confer and establish timing for said collection(s), which shall not unreasonably disrupt URZ's business operations. The ESI vendor is responsible for transport of these systems to and from URZ.

b. URZ's failure to permit the Operable Systems to be collected by the ESI vendor **during the week ending December 20, 2024, at 5pm CT or otherwise at URZ's regular closing time** shall be a violation of this order.

4. External Drive
    a. URZ shall locate, preserve, and turn over to the ESI vendor the external drive identified as "HP Flash 256," which was plugged into URZ's Dell Inspiron 3459 system on July 29, 2024, such turnover to take place at a time determined by the ESI vendor, but **by no later than 3pm December 20, 2024**.
    b. URZ's failure to turn over the HP Flash 256 drive **by 3pm CT on December 20, 2024,** shall be a violation of this order.

5. Spectrum shall provide to URZ a copy of the electronic data, if any, recovered from the Inoperable Systems in part (2), after ESI vendor's analysis of those systems is completed.

So ORDERED.

Signed on December 17, 2024, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge

# EXHIBIT D

United States District Court
Southern District of Texas
**ENTERED**
May 19, 2025
Nathan Ochsner, Clerk

# United States District Court
## Southern District of Texas
### Houston Division

| | | |
|---|---|---|
| SPECTRUM LABORATORIES LLC, | § | Civil Action No |
| Plaintiff, | § | 4:22-cv-03705 |
| | § | |
| | § | |
| vs. | § | Judge Charles Eskridge |
| | § | |
| | § | |
| URZ TRENDZ LLC, | § | |
| *et al*, | § | |
| Defendants. | § | |

### Order

The docket call set in this matter for May 20, 2025, is CANCELED. See Dkt 108.

All pretrial deadlines have passed and will be rescheduled if needed. Other matters must be addressed before this matter will be ready for trial, including the motions noted next.

The motion by Plaintiff Spectrum Laboratories, LLC, for continuance is DENIED AS MOOT. Dkt 125.

The motion by Defendant URZ Trendz, LLC, for clarification, reconsideration, and extension of time is DENIED. Dkt 152. *As to clarification,* the Court is of the firm opinion that its orders are of adequate clarity to permit Defendant and its counsel to proceed in good faith observance of those orders, if that is their actual desire. *As to reconsideration,* no adequate showing has been made as to intervening change of controlling law, new evidence, or a need to correct clear error or prevent manifest injustice. *As to extension,* again, nothing prevented Defendant and its counsel from timely compliance, if that is their actual desire. If compliance is still outstanding as of the date of

this Order, a later showing of immediate compliance after entry of this Order will be taken into consideration as to any consequences for failures to date.

The motions by Plaintiff for attorney fees and for sanctions and entry of default are now under advisement. Dkts 159 & 160. A hearing will be scheduled if determined necessary.

The motion by Plaintiff for extension to file replies is GRANTED as unopposed. Dkt 163. It is noted that the replies appear already to be filed on the docket. See Dkts 164 & 165.

SO ORDERED.

Signed on May 19, 2025, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

**EXHIBIT E**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SPECTRUM | § | CIVIL ACTION NO |
| LABORATORIES LLC, | § | 4:22-cv-03705 |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| URZ TRENDZ, LLC | § | |
| Defendants. | § | |

MINUTE ENTRY

Minute entry for MOTION HEARING before Judge Charles Eskridge on June 18, 2025. Both parties present and represented by counsel.

The Court addressed the motion by Plaintiff Spectrum Laboratories, LLC, for attorney fees and costs. Dkt 159.

The motion was DENIED AS MOOT, given that Plaintiff also seeks broader relief on fees and costs in the other motion considered this same day. Such fees and costs may thus be submitted as part of its later, forthcoming request.

The Court addressed the motion by Plaintiff for termination sanctions and entry of default judgment. Dkt 160.

The motion was GRANTED for reasons stated on the record. In particular, it was DETERMINED that the motion and reply fully and accurately set forth the necessary factual and procedural background, as well as the applicable law. See Dkts 160 & 165.

It was further DETERMINED that:

    o   *First,* Defendant URZ Trendz, LLC, and its counsel have repeatedly refused to comply with at least eight orders related to discovery. See

Dkt 160 at 2, citing prior orders at Dkts 63, 80, 97, 111, 118, 120, 142 & 151.

o  *Second,* such record of refusal to comply with discovery constitutes willful noncompliance. See Dkt 160 at 4–5.

o  *Third,* such noncompliance has included (i) Defendant preventing certain of its computers from being operable just prior to inspection, (ii) hiding or destroying a USB drive that had been inserted into a computer that had become encrypted, (iii) refusing to produce any emails, and (iv) failing to provide access to any of fourteen email accounts used by Plaintiff. See id at 5–9.

o  *Fourth,* Defendant has had multiple warnings, sanctions, and chances to conform its conduct as required by the Federal Rules of Civil Procedure and numerous orders of the Court.

o  *Fifth,* attempt at lesser sanctions has had no effect, and further attempt at lesser sanctions would be pointless. See id at 9–12. This is particularly true given the extensive hearing on these issues conducted on December 13, 2024, with further chance then given to Plaintiff to comply, which was ultimately disregarded. See Dkts 140 & 142; see also Dkt 167 (later order referencing that, even then, "later showing of immediate compliance" would be taken into consideration, with no complete compliance ever given); see also Dkts 149, 151, 157–58 (other orders made necessary after December hearing, giving ample notice of the potential for harsh sanctions).

o  *Sixth,* Plaintiff has been prejudiced by the willful violations of Defendant, including the destruction and/or loss of electronic evidence that would not have occurred but for Defendant's conduct. See 160 at 12–13.

2

o  *Seventh,* the relief requested by Plaintiff is reasonable, necessary, and appropriate in light of the abject disregard by Defendant of its discovery obligations and its flouting of the orders of this Court. See id at 13–16.

See also Dkt 165 at 1–11 (reply).

It was ORDERED that an order granting the motion for termination sanctions and entry of default judgment will enter separately to specify the exact relief awarded and what further procedure will be necessary prior to entry of final judgment.

The Court addressed oral request by Defendant for a stay of such order, when entered, pending appeal.

The request was DENIED WITHOUT PREJUDICE. Specific request in that regard will be entertained after entry of the above-reference order. But it was observed that any order of injunctive relief will not likely be stayed, as Defendant has continued its offending conduct during the entirety of this pending litigation.

The parties were ADMONISHED to confer promptly as to the possibility of a negotiated resolution prior to entry of the above-referenced order. They must file a joint request seeking delay of entry of such order, if desired.

SO ORDERED.

Signed on June 18, 2025, at Houston, Texas.

_____

Hon. Charles Eskridge
United States District Judge

**EXHIBIT F**

United States District Court
Southern District of Texas

**ENTERED**

November 26, 2025

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SPECTRUM | § | CIVIL ACTION NO |
| LABORATORIES, LLC, | § | 4:22-cv-03705 |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| URZ TRENDZ, LLC, | § | |
| Defendant. | § | |

ENTRY OF DEFAULT JUDGMENT AND
AWARD OF ATTORNEY FEES AND COSTS

The motion by Plaintiff Spectrum Laboratories, LLC for termination sanctions and entry of default judgment was previously granted at hearing. See Dkts 160 (motion) & 171 (minute entry).

The motion by Defendant URZ Trendz, LLC, for reconsideration is DENIED. Dkt 174. It simply rehashes old and unavailing arguments.

The motion by Plaintiff for termination sanctions and entry of default judgment having already been granted, it is hereby ORDERED as follows.

Default judgment is ENTERED in favor of Plaintiff on:

    a.   Count 1: Federal Trademark Infringement;

    b.   Count 2: Federal Unfair Competition;

    c.   Count 3: Federal Trademark Counterfeiting in Violation of Section 32 of Lanham Act, 15 U.S.C. §1114(a) for the '892 Registration;

    d.   Count 4: Federal Trademark Dilution of the Quick Fix Mark and Q-Clock Mark;

    e.   Count 5: Unfair and Deceptive Trade Practices;

    f.   Count 6: Common Law Trademark Infringement and Unfair Competition;

    g.   Count 7: State Trademark Dilution and Injury to Business Reputation; and

    h.   Count 8: Common Law Passing Off or Palming Off/Unfair Competition.

The following affirmative defenses asserted by Defendant are hereby STRICKEN:

    a.   Failure to State a Claim;

    b.   Laches;

    c.   Trademark Noninfringement;

    d.   Trademark Invalidity;

    e.   Estoppel;

    f.   Waiver;

    g.   Unclean Hands;

    h.   Failure to Mitigate Damages;

    i.   No Constructive Notice of Trademark;

    j.   Innocent Infringement; and

    k.   Fraud on the USPTO.

The following counterclaims asserted by Defendant are hereby STRICKEN:

    a.   Declaration of Invalidity for Trademark Registration No. 4453892;

    b.   Declaration of Invalidity for Trademark Registration No. 5791421; and

    c.   Fraud on the USPTO During the Procure-ment of the Trademark Registrations.

Defendant and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from Defendant, or in concert or participation with Defendant, and each of them, are hereby ENJOINED from:

    a.   advertising, marketing, promoting, offering for sale, distributing, or selling all infringing

products;

b. using the infringing Quick Fix Mark and Q-Clock Mark on or in connection with any of Defendant's goods;

c. using the Quick Fix Mark and Q-Clock Mark or any other copy, reproduction, colorable imitation, or simulation of Plaintiff's Quick Fix Mark and Q-Clock Mark on or in connection with any of Defendant's goods;

d. using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendant's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to any of Plaintiff's trademarks, trade dresses, names, or logos;

e. using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendant's goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Plaintiff, or are sponsored or authorized by Plaintiff, or are in any way connected or related to Plaintiff;

f. using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendant's goods that dilutes or is likely to dilute the distinctiveness of Plaintiff's trademarks, trade dresses, names, or logos;

g. passing off, palming off, or assisting in passing off or palming off Defendant's goods as those of Plaintiff, or otherwise continuing any and all acts of unfair competition as alleged in the third amended complaint;

Defendant and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under

authority from Defendant, or in concert or participation with Defendant, and each of them, are hereby ORDERED to:

 a. cease offering for sale, marketing, promoting, and selling and to recall all Counterfeit Products, or any other goods bearing the infringing Quick Fix Mark and/or Q-Clock Mark or any other confusingly similar imitation of Plaintiff's Quick Fix Mark and/or Q- Clock Mark that are in Defendant's possession or have been shipped by Defendant or under their authority, to any customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Defendant; and

 b. deliver up for impoundment and for destruction, all products, promotional materials, advertisements, flyers and website designs, or other materials in the possession, custody or under the control of Defendant that are found to copy, steal, counterfeit, adopt, infringe, or dilute Plaintiff's Quick Fix Mark and/or Q- Clock Mark or that otherwise unfairly compete with Plaintiff and its products.

The further motion by Plaintiff for an award of its attorney fees and costs is GRANTED. Dkt 159.

It is further ORDERED that Defendant URZ Trendz, LLC, together with its counsel Louis Teran are hereby held jointly and severally liable for attorney fees of $328,728.95 and costs of $49,649.72.

4

So ordered.

Signed on November 26, 2025, Houston, Texas.

_____
Hon Charles Eskridge
United States District Judge